```
                                        FILED

                                      SEP 2 8 2005

                                UNITED STATES BANKRUPTCY COURT
                                EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-23453-C-7 |
| ) | |
| SCOTT PEARCE and ) | DC No. RAR-01 |
| LYNETTE PEARCE, ) | |
| ) | |
| Debtors. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO AVOID LIEN**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

<u>Findings of Fact</u>

On August 15, 2005, debtors filed a motion requesting that this court avoid judgment lien in favor of Winco, Sears Roebuck & Co., Placer Creditors Bureau, and First North American National Bank.

A hearing was scheduled for September 27, 2005 to consider the motion. Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

1 | In reviewing debtors' proof of service, the court notes that
2 | debtors served the corporations c/o the attorneys who recorded
3 | the abstract.

## Conclusions of Law

Federal Rule of Bankruptcy Procedure 9014(b) requires that a motion initiating a contested matter "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b).

Federal Rule of Bankruptcy Procedure 7004(b)(3) provides in pertinent part:

> Except as provided in subdivision(h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class postage prepaid as follows... Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy of the defendant.

Fed. R. Bank. P. 7004(b)(3).

Here, debtors' service of motion does not comply with the requirement to serve the motion to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3). Beneficial California, Inc. v. Villar (In re Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004). The court notes that a corporation's

agent for service of process may be identified by visiting the California Secretary of State's website at www.ss.ca.gov. The website contains a link to the "California Business Portal" which provides an online service titled "California Business Search." Therein, corporate information, including the agent for service of process, may be obtained by entering the corporation's name in the search engine.

    Accordingly, the motion is denied.

    An appropriate order will issue.

    Dated: September 28, 2005

_____
UNITED STATES BANKRUPTCY JUDGE